**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission, | No. CV-08-1784-PHX-LOA |
| Plaintiff, | **ORDER** |
| vs. | |
| Sunfire Glass, Inc., an Arizona Corporation, | |
| Defendant. | |
| Tineke Meyer, an adult woman; and Karina Mercado, an adult woman, | |
| Intervenors. | |
| vs. | |
| Sunfire Glass, Inc., an Arizona Corporation, | |
| Defendant. | |

This matter is before the Court on the motions of Intervenors Tineke Meyer and Karina Meracdo (the "Intervenors") to Enlarge Time for Amending Judgment and to Amend Judgment. (dockets # 54, # 55) The Court will deny both motions for the reasons set forth below.

## I. Background

This matter commenced on September 29, 2008, when the Equal Employment Opportunity Commission ("EEOC") filed a Complaint against Defendant Sunfire Glass, Inc. ("Sunfire") alleging violations of Title VII of the Civil Rights Act of 1964, Title I of the Civil Rights Act of 1991, and 42 U.S.C. § 1981a "to correct unlawful employment practices on the bases of sexual harassment and to provide appropriate relief to Tineke Meyer, Karina Mercado, and a class of female employees who [were] adversely affected by such practices." (docket # 1)   With leave of Court, Intervenors, through their counsel Robert S. Martinez, filed a Complaint in Intervention on January 20, 2009. (docket # 16)   Again, only Sunfire was named as a Defendant.  All parties consented in writing to magistrate-judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1).  (dockets # 6, # 12)

Defendant Sunfire was properly served with the Complaints, but failed to answer or otherwise appear in this action.   On January 27 and February 27, 2009, the Clerk of Court entered default against Sunfire pursuant to Fed.R.Civ.P. 55(a).  (dockets # 22, # 28) Thereafter, the Court conducted a default damages hearing pursuant to Fed.R.Civ.P. 55(a)(2).  On April 10, 2009, the Court entered default judgment against Defendant Sunfire in favor Invervenors Meyer and Mercado.  (docket # 51 at 21; docket # 52)

Nearly three months later, attorney Charles Leftwich filed a Motion to Reopen Case seeking to amend the judgment pursuant to Fed.R.Civ.P. 52(b) to include Mr. Paul McBride as a judgment creditor.  (docket # 55)   Mr. Leftwich also filed a separate Motion to Enlarge Time for Amending Judgment, and a Notice of Appearance. (dockets # 54, # 53)

## II. Failure to Comply with Court Order and Local Rule 83.3

The pending motions were filed on the Intervenors' behalf by attorney Charles Leftwich.  (dockets # 54, # 55)  Mr. Leftwich is not an attorney of record in this matter and does not represent the Intervenors.  (*see* docket # 53)   Rather, the Intervenors

are represented by attorney Robert Steven Martinez. (dockets # 13, # 15) On July 16, 2009, Mr. Leftwich filed a purported "Notice of Appearance" identifying himself as counsel for the Intervenors. However, because the Intervenors are currently represented by a different attorney, Mr. Lefwich should have identified his Notice as an Application for Substitution of Counsel. As the Court noted in a July 20, 2009 Order, Mr. Leftwich's filing does not comply with Local Rule of Civil Procedure 83.3 governing substitution of counsel because, *inter alia*, it does not include the signatures of his clients consenting to his representation. (docket # 56 at 1-2; docket # 53) Local Rule of Civil Procedure 83.3 provides that:

> **(a) Attorney of Record; Duties of Counsel.** Except as provided below, no attorney shall appear in any action or file anything in any action without first appearing as counsel of record. In any matter, *even if it has gone to judgment*, there must be a formal substitution or association of counsel before any attorney, who is not an attorney of record, may appear. . . .

> **(b) Withdrawal and Substitution: No Attorney.** No attorney shall be permitted to withdraw or be substituted as attorney of record in any pending action except by formal written order of the Court, supported by written application setting forth the reasons therefor together with the name, last known residence, and last known telephone number of the client . . . .

LRCiv 83.3 Rule 83.3 further provides that an application for substitution of counsel must include "the written approval of the client. . . ." LRCiv 83.3. In view of the failure of the Notice of Appearance, deemed an Application for Substitution of Counsel, to comply with the Local Rule of Civil Procedure 83.3, the Court struck Mr. Leftwich's Notice of Appearance. (docket # 56 at 4) The Court directed Mr. Leftwich to file a proper "Motion for Substitution of Counsel that bears the signature and written approval of his clients and otherwise complies with LRCiv 83.3 **on or before Thursday, July 30, 2009**." (docket # 56 at 3-4) (emphasis in original) The Court warned that failure to comply with the July 20, 2009 Order may result in summary denial of the Intervenors' Motions. (docket # 56 at 4)

Despite the Court's warning, Mr. Leftwich has not filed a Motion for Substitution of Counsel or otherwise responded to the Court's Order. Mr. Leftwich's

disregard for the Local Rules of Civil Procedure, and his failure to comply with the Court's July 20, 2009 Order, provide sufficient grounds for the Court to deny the Intervenors' pending motions.  Moreover, as discussed below, the Motion to Amend Judgment is untimely and this Court has no discretion to extend the time for filing such a motion.  *See* Fed.R.Civ.P. 6(b).

**III.  Motion to Enlarge Time for Amending Judgment**

As previously stated, the Court entered judgment in this matter on April 10, 2009.  (docket # 52)   Specifically, the Court entered judgment awarding Tineke Meyer and Karina Mercado monetary damages against Defendant Sunfire Glass, Inc.  (docket # 52)  Over three months later, on July 16, 2009, Mr. Leftwich filed a Motion to Enlarge Time for Amending Judgment and a Motion to Amend Judgment pursuant to Fed.R.Civ.P. 52(b), seeking to amend the judgment to include Paul McBride, the owner and president of Sunfire Glass, as a judgment debtor.  The Court may not consider the merits of the pending untimely motions.

Federal Rules of Civil Procedure 52 allows the court, upon timely motion, to amend its findings or make additional findings, and to amend the judgment accordingly. Fed.R.Civ.P. 52(b).  Whether to grant a motion to amend or enlarge the findings is within the discretion of the trial court.  9C Wright & Miller, *Federal Practice and Procedure*: Civil 3d § 2582, at 352 (3d ed. 2008).  A post-judgment motion under Rule 52(b) "permits counsel to ask the court to correct, on the non-jury record before it, any errors of law, mistakes of fact or oversights that require correction." *U.S. Gypsum Co. v. Schiavo Bros., Inc*., 668 F.2d 172, 180 (3d Cir.1981); *Granat v. Schoepski*, 272 F.2d 814, 815 (9th Cir. 1959) (stating that trial court's findings of fact may not be set aside unless clearly erroneous.).  "Motions under Rule 52(b) are primarily designed to correct findings of fact which are central to the decision and are not intended to serve as a vehicle for a rehearing." *United States v. Oregon*, 666 F.Supp. 1461, 1466 (D.Or.1987).  Federal Rule of Civil Procedure 52(b) provides that a motion to amend the judgment must be "filed no later then 10 days after the entry of judgment. . . ."  Fed.R.Civ.P. 52(b).

Federal Rule of Civil Procedure 6 governs the computation and extension of time. Rule 6(b)(1) provides that, in general, "[w]hen an act may or must be done within a specified time, the court may, for good cause shown, extend the time." Rule 6(b)(2) contains exceptions to the general rule of Rule 6(b)(1), and explicitly states that a district court "*must not* extend the time to act under Rules 50(b) and (d), *52(b)*, 59(b), (d), and (e) and 60(b), except as those rules allow." *Id.* (emphasis added). Here, the pending motion to amend judgment is brought pursuant to Fed.R.Civ.P. 52(b), and thus, the Court must not extend the 10-day limit for bringing such a motion, unless Rule 52(b) itself provides for such an extension. Fed.R.Civ.P. 6(b)(1). Rule 52(b) states no exception to the ten-day limitation. Fed.R.Civ.P. 52(b). The Supreme Court has explained that the "guiding principle of the Federal Rules of Civil Procedure," is that "procedural rules should be construed pragmatically, so as to ensure the just and efficient resolution of legal disputes. Some provisions of the Rules strip the district courts of discretion, and the courts have no choice but to enforce these requirements with scrupulous precision." *Lujan v. National Wildlife Federation* 497 U.S. 871, 912 n. 14 (1990). As an example of a Rule of Civil Procedure which "strip[s] the district courts of discretion," the Supreme Court cited Federal Rule of Civil Procedure 6(b), "which generally gives the district court broad authority to grant enlargements of time, [but] establishes the limitation that the court 'may not extend the time for taking any action under Rules 52(b) and . . . 59(e) except to the extent and under the conditions stated in them.'" *Id.*[1] Because the 10-day limitation in Rule 52(b) is strictly construed, this Court lacks discretion to consider the Intervenors' motion to enlarge time for amending judgment and motion to amend judgment which were filed three months after the entry of judgment. *See Scott v. Younger*, 739 F.2d 1464,

---

[1] After *Lujan* was decided, in 2007, the language of Rule 6(b) was "amended as part of the general restyling of the Civil Rules to make them more easily understood . . . ." Fed.R.Civ.P. 6(b), Advisory Committee Notes for 2007 Amendments (West 2008). Rule 6(b) remains the substantively the same as when cited in *Lujan*, but now reads as follows: "A court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b), except as those rules allow." Rule 6(b)(2) (West 2008).

1467 (9th Cir.1984) (ten-day time period "is jurisdictional and cannot be extended by the court"); *see also Northern Cheyenne Tribe v. Hodel*, 851 F.2d 1152, 1155 (9th Cir.1988) (ten-day time period is to be strictly construed).[2]  Because the motion to amend judgment pursuant to Rule 52(b) is untimely, this Court has no authority to consider Plaintiff's Motion to Amend Judgment.  The Court, therefore, will not address the merits of that motion.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Enlarge Time for Amending Judgment and Motion to Amend Judgment (dockets # 54, # 55) are **DENIED** as untimely.

DATED this 11th day of August, 2009.


Lawrence O. Anderson
United States Magistrate Judge

---

[2]  *Scott* and *Northern Cheyenne Tribe* involve Fed.R.Civ.P. 59(e) which, like Rule 52(b), requires that a motion to amend a judgment be made within ten days of entry of judgment.  Also, Rule 6(b)(2) provides that the 10-day deadlines in Rules 59(e) and 52(b) must not be extended. Fed.R.Civ.P. 6(b)(2).